# Exhibit A
*(State Court Pleadings)*


# CT Corporation

**Service of Process Transmittal**
04/14/2016
CT Log Number 528993197

**TO:** Danny Tye
Kyanite Services, Inc.
14523 SW Millikan Way Ste 200
Beaverton, OR 97005-2352

**RE:** Process Served in Texas

**FOR:** Seterus, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Timothy Harry, Pltf. vs. Bank of America, NA, et al., Dfts. // To: Seterus, Inc. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Certificate |
| **COURT/AGENCY:** | ANDERSON COUNTY - COURT OF COMMON PLEAS- SOUTH CAROLINA, SC<br>Case # 2016CP0400754 |
| **NATURE OF ACTION:** | Foreclosure Litigation - Mortgage - Anderson County, SC |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/14/2016 postmarked on 04/08/2016 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service hereof, exclusive of the date of such service |
| **ATTORNEY(S) / SENDER(S):** | DAVID A. MAXFIELD<br>DAVE MAXFIELD, ATTORNEY, LLC<br>17 N. Trenholm Rd., Ste. B<br>Columbia, SC 29206<br>(803) 509-6800 |
| **REMARKS:** | Please note that the served document does not contain the address of mortgage property. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/14/2016, Expected Purge Date: 04/19/2016<br><br>Image SOP<br><br>Email Notification, Brittany Richardson  brittany.richardson@seterus.com<br><br>Email Notification, Danny Tye  danny.tye@seterus.com<br><br>Email Notification, Chris Fowler  chris.fowler@seterus.com<br><br>Email Notification, Sara Jones  sara.jones@seterus.com<br><br>Email Notification, Elizabeth Myers  elizabeth.myers@seterus.com<br><br>Email Notification, Raymond Cornwell  Raymond.Cornwell@Seterus.com |

Page 1 of 2 / DT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**Service of Process Transmittal**
04/14/2016
CT Log Number 528993197

**TO:** Danny Tye
Kyanite Services, Inc.
14523 SW Millikan Way Ste 200
Beaverton, OR 97005-2352

**RE:** **Process Served in Texas**

**FOR:** Seterus, Inc. (Domestic State: DE)

Email Notification, Brandt Himler  Himlerb@Seterus.com

**SIGNED:** C T Corporation System
**ADDRESS:** 1999 Bryan St Ste 900
Dallas, TX 75201-3140
**TELEPHONE:** 214-932-3601

Page 2 of 2 / DT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



062S0008347713

$12.11⁰
US POSTAGE
FIRST-CLASS
FROM 29206
APR 08 2016
stamps .com

CERTIFIED MAIL

7015 0640 0005 9402 2061

DAVE MAXFIELD, ATTORNEY, LLC
CONSUMER PROTECTION LAW
5217 N. Trenholm Rd., Suite B
Columbia SC 29206-4806

CT Corporation System
350 N. Saint Paul St Ste. 2900
Dallas TX 75201-4234

Service Intended For:

Seterus, Inc.



**davemaxfield**
CONSUMER PROTECTION LAW

Dave Maxfield, Attorney, LLC
5217 N. Trenholm Road, Suite B
Columbia, South Carolina 29206
Phone: 803.509.6800
Toll Free Fax: 855.299.1656
Website: www.consumerlawsc.com

*Member, National Association of Consumer Advocates*
*Member, Public Investors Arbitration Bar Association*

April 8, 2016

<u>VIA CERTIFIED MAIL</u>
Bank of America, NA
c/o C T Corporation System
2 Office Park Court
Columbia, SC 29223 Suite 103

Seterus, Inc.
c/o C T Corporation System
2 Office Park Court
Columbia, SC 29223 Suite 103

Safeguard Properties, Inc.
c/o CT Corporation System
350 N. St. Paul St., Ste. 2900
Dallas, TX 75201-4234

Re:   Timothy Harry vs. Bank of America, NA, Seterus, Inc. and Safeguard
      Properties, Inc.
      Case No. 2016-CP-04-00754

Dear Sir or Madam:

Enclosed herewith and served upon you is a filed copy of the <u>Summons & Complaint</u> in the above matter.

Sincerely,

Janel Bess
Janel Bess
Paralegal to Dave Maxfield

Enc.

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF ANDERSON | TENTH JUDICIAL CIRCUIT |
| Timothy Harry,<br>　　　　　　　　　　Plaintiff,<br>vs.<br>Bank of America, NA, Seterus, Inc. and Safeguard Properties, Inc.,<br>　　　　　　　　　　Defendants. | Case No. 2016-CP-04-00754<br><br>SUMMONS |

A TRUE COPY
APR -5 2016
ANDERSON CLERK OF COURT

TO:    THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at 5217 N. Trenholm Rd., Ste. B, Columbia, South Carolina 29206, within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

　　　　　　　　　　　　　　　　　　　By:  _____
　　　　　　　　　　　　　　　　　　　David A. Maxfield, Esquire
　　　　　　　　　　　　　　　　　　　DAVE MAXFIELD, ATTORNEY, LLC
　　　　　　　　　　　　　　　　　　　5217 N. Trenholm Rd., Ste. B
　　　　　　　　　　　　　　　　　　　Columbia, South Carolina 29206
　　　　　　　　　　　　　　　　　　　(803) 509-6800

DATED: March 28, 2016
Columbia, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF ANDERSON<br><br>Timothy Harry,<br><br>         Plaintiff<br><br>vs.<br><br>Bank of America, NA, Seterus, Inc., and Safeguard Properties, Inc.<br><br>         Defendants | IN THE COURT OF COMMON PLEAS<br><br>TENTH JUDICIAL CIRCUIT<br><br>Case No. 2016-CP-04-00764<br><br>**COMPLAINT**<br><br>(Jury Trial Requested)<br><br>A TRUE COPY<br>APR -5 2016<br>ANDERSON CLERK OF COURT |

Plaintiff, complaining of the Defendants above-named, would show this Court as follows:

## JURISDICTION

1. The State of Residence of Plaintiff is the State of South Carolina.

2. The Defendant Bank of America, NA (BANA) is a national banking corporation with its principal place of business, "nerve center" and headquarters in the State of North Carolina.

3. The Defendant Seterus, Inc., (Seterus) is a foreign corporation with its principal place of business, "nerve center" and headquarters in the State of Michigan.

4. The Defendant Safeguard Properties, Inc., (Safeguard) is a foreign corporation with its principal place of business, "nerve center" and headquarters in the State of Texas, but organized under the laws of the State of Ohio.

5. This Court has jurisdiction over the parties and subject matter of this action, and venue is proper based upon the non-residence of the Defendant(s) herein.

## FACTUAL ALLEGATIONS

6. Defendant BANA previously serviced the mortgage on Plaintiff's home.

7. In or around 2012, BANA initiated a foreclosure action against Plaintiff.

8. On or about February 20, 2015 Plaintiff and Defendant BANA entered a settlement agreement and release whereby Plaintiff agreed, in exchange for consideration from BANA including a post-sale payment of $5,000.00, and a waiver of deficiency, to vacate his home.

9. On or about February 25, 2015, a Judgment of Foreclosure was entered, and a sale date set for June 1, 2015.

10. Plaintiff thereafter planned to move and to otherwise honor his agreement.

11. However, on or about April 15, 2015, several weeks before the planned move-out date and sale, Plaintiff was contacted by Defendant Seterus, who asserted that it had been assigned the servicing rights to Plaintiff's mortgage by Defendant BANA.

12. Seterus represented to Plaintiff it did not know or care about the agreement entered with BANA, that said agreement was "invalid," and stated or implied and that it intended to collect the debt from Plaintiff.

13. Defendant Seterus further sent Plaintiff modification paperwork, and represented that the June 1, 2015 sale date was "off."

14. Thereafter, Plaintiff, through his attorney made multiple attempts to contact BANA's attorney, to no avail.

15. With no answers Plaintiff, through counsel, made a complaint to the Consumer Financial Protection Bureau on May 29, 2015.

16. On June 1, 2015, with no response from BANA, Plaintiff filed a Motion to Vacate in this Court; finally, thereafter, Plaintiff's counsel was advised by BANA's counsel that the sale was not going forward, that BANA had the agreed settlement check ready, and that the sale would be postponed to July, and that the Plaintiff had the right to remain in his home until the new sale date.

17. Upon information and belief, unbeknownst to Plaintiff, BANA and/or Seterus had previously ordered Safeguard to break into Plaintiff's home, and secure it, and failed to cancel that order.

18. When Plaintiff returned home late in the day on June 1, 2015, he discovered that his home had been broken into, entered, trespassed upon, and tampered with by Defendant Safeguard, acting on the instruction of Defendant BANA and/or Seterus.

19. Plaintiff initially believed that he had been the victim of a crime, and experienced extreme outrage and emotional distress at the invasion of his privacy.

20. Even afterward, the sale date was postponed on multiple occasions, resulting in Plaintiff's not receiving his check until months after it was originally anticipated.

21. As a direct and proximate result of the foregoing, Plaintiff has been damaged.

## FOR A FIRST CAUSE OF ACTION
## AS TO ALL DEFENDANTS

### (Trespass)

22. The allegations contained hereinabove are repeated as if fully alleged verbatim, to the extent not inconsistent with the allegations of this cause of action.

23. Plaintiff had a present and exclusive right to possession of his home.

24. Defendants voluntarily entered Plaintiff's property or caused it to be entered.

25. Defendants' entry into Plaintiff's home was made without permission.

26. As a direct and proximate result of the foregoing, Plaintiff has suffered damages as determined by the trier of fact.

## SECOND CAUSE OF ACTION
### (Invasion of Privacy)

27. The allegations contained hereinabove are repeated as if fully alleged verbatim, to the extent not inconsistent with this cause of action.

28. Plaintiff had a right and an expectation to be left alone.

29. Defendants invaded Plaintiff's privacy through the wrongful intrusion into his private home.

30. Defendants' conduct was committed in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.
31. Defendants' intrusion was substantial and unreasonable.
32. Defendants' intrusion was intentional.
33. As a direct and proximate result of the foregoing, Plaintiff has been damaged.
34. Plaintiff should be granted judgment against Defendants for actual damages and punitive damages as authorized by statute and attorney fees, and such other relief as is just and proper.

## THIRD CAUSE OF ACTION
## AS TO DEFENDANT BANA
### (Breach of Contract and Implied Covenant of Good Faith)

35. The allegations contained hereinabove are repeated as if fully alleged verbatim, to the extent not inconsistent with this cause of action.
36. A valid and enforceable contract existed between Plaintiff and Defendant BANA.
37. Plaintiff performed and/or was prepared to perform his part of the contract.
38. Defendant BANA, rather than performing the contract, simply transferred its servicing rights to a third party, and thereafter took no affirmative steps to complete its own obligations and see the contract through.
39. As a result, and in breach of the implied covenant of good faith and fair dealing contained in this and every contract, Defendant BANA caused or allowed to occur the invasion of Plaintiff's home by Safeguard, and otherwise failed and refused to timely perform its obligations under the agreement.
40. As a direct and proximate result thereof, Plaintiff has been damaged.

## FOURTH CAUSE OF ACTION
## AS TO DEFENDANT SETERUS

(Violation of FDCPA)

41. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent herewith.
42. Plaintiff is a consumer.
43. Defendant Seterus obtained the servicing rights to the Plaintiff's mortgage post-default, and is a debt collector.
44. Defendant's conduct, involves an attempt to collect a "debt" the FDCPA defines it.
45. While attempting to collect the debt, Defendant falsely represented the character, amount, or legal status of the alleged debt, falsely represented or threatened to take any action that cannot legally be taken or that was not intended to be taken (including Plaintiff's liability for the settled debt), communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including failing to communicate that the debt is disputed, and otherwise used false representations or deceptive means to collect or attempt to collect the alleged debt.
46. Defendant Seterus failed to disclose in the initial written or oral communication with the Plaintiff that the debt collector was attempting to collect a debt and that any information obtained would be used for that purpose.
47. Plaintiff should be granted judgment against Defendant Seterus for actual damages and such penalties and attorney fees as authorized by statute, and such other relief as is just and proper.

## PRAYER FOR RELIEF

WHEREFORE, the prayer of the Plaintiff is for judgment in an amount sufficient to compensate Plaintiff for actual damages, together with punitive damages, statutory damages, such interest as is allowable by law, costs, attorney's fees, and such other relief as is just and proper.

DAVE MAXFIELD, ATTORNEY, LLC

By:   s/ Dave Maxfield
David A. Maxfield, Esq., SC Bar No 7163
5217 N. Trenholm Road. Suite B
Columbia, SC 29206
803-509-6800
855-299-1656 (fax)
dave@consumerlawsc.com

March 24, 2016

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF ANDERSON | TENTH JUDICIAL CIRCUIT |
| Timothy Harry, | |
| Plaintiff, | Case No. 2016-CP-04-00754 |
| Vs. | CERTIFICATE OF SERVICE |
| Bank of America, NA, Seterus, Inc. and Safeguard Properties, Inc., | |
| Defendants. | |

I, the undersigned employee of Dave Maxfield, Attorney, LLC do hereby swear and affirm that on the 8th day of April, 2016, I served the foregoing **Summons & Complaint**, by sending a copy of same by U.S. Certified Mail, Restricted Delivery, Return Receipt Requested to the following:

Bank of America, NA
c/o C T Corporation System
2 Office Park Court
Columbia, SC 29223 Suite 103

Seterus, Inc.
c/o C T Corporation System
2 Office Park Court
Columbia, SC 29223 Suite 103

Safeguard Properties, Inc.
c/o CT Corporation System
350 N. St. Paul St., Ste. 2900
Dallas, TX 75201-4234

Janel Bess

DATED: April 8, 2016
Columbia, South Carolina